1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   RYAN M. KENT - #220441
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  NETFLIX, INC., a California Corporation,      Case No.

12                              Plaintiff,        **COMPLAINT FOR DECLARATORY**
                                                  **JUDGMENT OF PATENT INVALIDITY**
13       v.                                       **AND NONINFRINGEMENT**

14  NCR CORPORATION, a Maryland                   **DEMAND FOR JURY TRIAL**
    Corporation,
15
                              Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT
CASE NO.

1    Plaintiff Netflix, Inc. ("Netflix"), alleges as follows:

2    **I.      THE PARTIES**

3    1.   Netflix is, and at all times mentioned herein was, a corporation organized and existing

4    under the laws of California, with a principal place of business at 100 Winchester Circle, Los

5    Gatos, California.

6    2.   On information and belief, Defendant NCR Corporation ("NCR") is, and at all times

7    mentioned herein was, a corporation organized and existing under the laws of Maryland, with a

8    principal place of business at 1700 S. Patterson Blvd., Dayton, Ohio.  On information and belief,

9    NCR is the assignee of the patents at issue in this complaint (the "NCR patents").

10   3.   Netflix is informed and believes that NCR maintains offices in El Segundo and San

11   Diego, California.  According to NCR's website, http://www.ncr.com/careers/americas.htm,

12   NCR employs about 250 associates at its El Segundo office, and more than 700 engineers and

13   associates at its San Diego office.  Netflix is also informed and believes that NCR employs a

14   number of account managers and sales representatives in San Francisco, California, and wholly-

15   owns DecisionPoint Software, which has offices in San Mateo, California.  Thus NCR has both

16   employees and an office in this judicial district.

17   4.   Further, Netflix is informed and believes that NCR transacts business in this judicial

18   district through, *inter alia,* the distribution and sale of its products and services in this district,

19   and through the formation and operation of alliances, partnerships and joint ventures with

20   numerous companies that have their principal place of business in this district, including but not

21   limited to Veritas Software Corporation (now Symantec Corporation)—headquartered in

22   Cupertino, California; GoldenGate Software, Inc.—headquartered in San Francisco, California;

23   Intel Corporation—headquartered in Santa Clara, California; and Hyperion Solutions Corp.—

24   headquartered in Santa Clara, California.

25   **II.     JURISDICTION AND VENUE**

26   5.   This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

27   2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq.,

28   that the NCR patents are not infringed by Netflix, or are invalid, or both.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT
CASE NO.

1    6.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

2    question) and 1338(a) (action arising under an Act of Congress related to patents).

3    7.   This Court has personal jurisdiction over NCR because NCR has constitutionally

4    sufficient contacts with California to make personal jurisdiction proper in this Court.  In

5    particular, NCR has purposefully directed activities to this judicial district, including activities

6    related to this suit for declaratory judgment.  For example, NCR has directed letters and other

7    communications to this district accusing Netflix of infringing the NCR patents, sent claim charts

8    into this district purporting to show Netflix's infringement of the NCR patents, and NCR

9    representatives have traveled to this district to discuss Netflix's alleged infringement of the NCR

10   patents with Netflix's representatives.  Moreover, on information and belief, NCR conducts and

11   solicits business within this district and elsewhere in California and derives substantial revenue

12   from the sales of its products and/or services within this district and elsewhere in California,

13   which gives this Court general jurisdiction over NCR.

14   8.   Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial

15   part of the events giving rise to the claims occurred in this district, and NCR has sufficient

16   contacts with this district to subject it to personal jurisdiction, if this district were a separate

17   State.

## III.   INTRADISTRICT ASSIGNMENT

18

19   9.   This is a patent action subject to district-wide assignment under Local Rule 3-2(c).

## IV.   GENERAL ALLEGATIONS

20

21   10.   Netflix operates an online DVD movie rental service.

22   11.   NCR has alleged that aspects of Netflix's movie rental service and/or "back

23   office" operations infringe the following patents.

24   **A.   The NCR Patents**

25   12. U.S. Patent No. 5,699,526 (the "'526 Patent"), issued on or about December 16,

26   1997, entitled "Ordering and Downloading Resources from Computerized Repositories."

27   13. U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on or about September 14,

28   1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web

2

1    Synchronization and Tracking Among Multiple Browsers."

2        14. U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on or about November 23,

3    1999, entitled "Security aspects of computer resource repositories."

4        15. U.S. Patent No. 6,026,403 (the "'403 Patent"), issued on or about February 15, 2000,

5    entitled "Computer System for Management of Resources."

6        16. U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on or about January 2, 2001,

7    entitled "Method and apparatus for forming subject (context) map and presenting Internet data

8    according to the subject map."

9        17. U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on or about June 26, 2001,

10   entitled "Privacy-enhanced database."

11       18. U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on or about November 12,

12   2002, entitled "Managing a resource on a network where each resource has an associated profile

13   with an image."

14       19. U.S. Patent No. 6,502,096 (the "'096 Patent"), issued on or about December 31,

15   2002, entitled "Computerized asset management system ."

16       20. U.S. Patent No. 6,714,931(the "'931 Patent"), issued on or about March 30, 2004,

17   entitled "Method and apparatus for forming user sessions and presenting internet data according

18   to the user sessions."

19       21. True and correct copies of the face page of each of these patents are attached hereto

20   as Exhibits A through I.

21   **B.**     **Justiciable Controversy**

22       22. NCR has explicitly charged that aspects of Netflix's movie rental services and back

23   office operations infringe the NCR patents. On January 7, 2003, Bruce A. Langos, Vice

24   President of Business Operations and Intellectual Property Management at NCR, wrote to Reed

25   Hastings, the Chief Executive Officer of Netflix claiming notice "that various Netflix.com

26   offerings infringe at least the following patents owned by NCR Corporation." The letter

27   identified ten separate patents that NCR claimed were infringed, and enclosed several exemplary

28   claim charts, each of which accused Netflix of infringing the claims described therein. Further,

3

1    the letter delivered a clear warning that "NCR takes its intellectual property rights very seriously,

2    and will, if need be, act vigorously to protect them." The letter even threatened to sue for an

3    injunction should Netflix not license NCR's technology, warning Netflix that NCR has

4    "vigorously pursued litigation against infringers of our patents where they have refused to

5    purchase appropriate licenses from us" and has "sought injunctions to stop further use of

6    infringing offerings."

7           23. On August 1, 2005, Mr. Langos once again wrote to Mr. Hastings of Netflix

8    concerning "your company's infringements of NCR patents." The letter enclosed updated claim

9    charts that again accused Netflix of infringing the claims described therein, and threatened that

10   should Netflix refuse to license the technology NCR was "prepared to pursue other options."

11          24. NCR continued to press its allegations of infringement after the August 2005 letter.

12   In late 2005, counsel for NCR contacted counsel for Netflix in San Francisco, California, seeking

13   to schedule a face-to-face meeting in San Francisco to discuss NCR's allegations of

14   infringement. Counsel for Netflix agreed to meet with counsel for NCR. NCR's counsel

15   traveled to San Francisco and, on November 28, 2005, met with Netflix's counsel in San

16   Francisco, California, during which meeting NCR's counsel once again asserted that Netflix

17   infringed the NCR patents, and that NCR was prepared to file suit against Netflix to enforce its

18   patents. Following the meeting in California, on January 11, 2006, counsel for NCR sent via

19   email to San Francisco revised charts purporting to show that Netflix was currently infringing the

20   claims described therein.

21          25. In the past seven years, NCR has sued at least six different companies, alleging

22   patent infringement of one or more of the NCR patents. By virtue of NCR's actions, Netflix has

23   a reasonable apprehension that NCR intends to sue it for infringing the NCR patents.

24          26. Netflix denies that it infringes any valid claim of the nine NCR patents.

25          27. An actual and justiciable controversy exists between Netflix and NCR concerning

26   whether Netflix infringes any valid claim of the NCR patents. Netflix now seeks a declaratory

27   judgment that it does not infringe any claim of the NCR patents and that each of the NCR patents

28   is invalid.

4

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### (For Declaratory Judgment as to the '526)

28. Netflix incorporates by reference as though fully set forth herein paragraphs 1 through 27, inclusive.

29. Netflix alleges that its activities do not directly infringe, do not induce infringement, and do not contributorily infringe any valid claim of the '526 patent as properly construed.

30. Netflix also alleges on information and belief that the '526 patent is invalid. In view of the prior art, and further in view of basic deficiencies in the '526 patent, it fails to satisfy one or more of the provisions for patentability set forth in Title 35, Part II, United States Code, particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

### SECOND CAUSE OF ACTION
#### (For Declaratory Judgment as to the '643)

31. Netflix incorporates by reference as though fully set forth herein paragraphs 1 through 27, inclusive.

32. Netflix alleges that its activities do not directly infringe, do not induce infringement, and do not contributorily infringe any valid claim of the '643 patent as properly construed.

33. Netflix also alleges on information and belief that the '643 patent is invalid. In view of the prior art, and further in view of basic deficiencies in the '643 patent, it fails to satisfy one or more of the provisions for patentability set forth in Title 35, Part II, United States Code, particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

### THIRD CAUSE OF ACTION
#### (For Declaratory Judgment as to the '791)

34. Netflix incorporates by reference as though fully set forth herein paragraphs 1 through 27, inclusive.

35. Netflix alleges that its activities do not directly infringe, do not induce infringement, and do not contributorily infringe any valid claim of the '791 patent as properly construed.

36. Netflix also alleges on information and belief that the '791 patent is invalid. In view

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT
CASE NO.

1    of the prior art, and further in view of basic deficiencies in the '791 patent, it fails to satisfy one

2    or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

3    particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

4                                   **FOURTH CAUSE OF ACTION**
                                **(For Declaratory Judgment as to the '403)**
5

6            37. Netflix incorporates by reference as though fully set forth herein paragraphs 1

7    through 27, inclusive.

8            38. Netflix alleges that its activities do not directly infringe, do not induce infringement,

9    and do not contributorily infringe any valid claim of the '403 patent as properly construed.

10           39. Netflix also alleges on information and belief that the '403 patent is invalid.  In view

11   of the prior art, and further in view of basic deficiencies in the '403 patent, it fails to satisfy one

12   or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

13   particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

14                                    **FIFTH CAUSE OF ACTION**
                                **(For Declaratory Judgment as to the '997)**
15

16           40. Netflix incorporates by reference as though fully set forth herein paragraphs 1

17   through 27, inclusive.

18           41. Netflix alleges that its activities do not directly infringe, do not induce infringement,

19   and do not contributorily infringe any valid claim of the '997 patent as properly construed.

20           42. Netflix also alleges on information and belief that the '997 patent is invalid.  In view

21   of the prior art, and further in view of basic deficiencies in the '997 patent, it fails to satisfy one

22   or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

23   particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

24                                    **SIXTH CAUSE OF ACTION**
                                **(For Declaratory Judgment as to the '203)**
25

26           43. Netflix incorporates by reference as though fully set forth herein paragraphs 1

27   through 27, inclusive.

28           44. Netflix alleges that its activities do not directly infringe, do not induce infringement,

                                                    6

368768.04

1  and do not contributorily infringe any valid claim of the '203 patent as properly construed.

2       45. Netflix also alleges on information and belief that the '203 patent is invalid.  In view

3  of the prior art, and further in view of basic deficiencies in the '203 patent, it fails to satisfy one

4  or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

5  particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

6  

**SEVENTH CAUSE OF ACTION**
**(For Declaratory Judgment as to the '855)**

7

8       46. Netflix incorporates by reference as though fully set forth herein paragraphs 1

9  through 27, inclusive.

10       47. Netflix alleges that its activities do not directly infringe, do not induce infringement,

11  and do not contributorily infringe any valid claim of the '855 patent as properly construed.

12       48. Netflix also alleges on information and belief that the '855 patent is invalid.  In view

13  of the prior art, and further in view of basic deficiencies in the '855 patent, it fails to satisfy one

14  or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

15  particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

16  

**EIGHTH CAUSE OF ACTION**
**(For Declaratory Judgment as to the '096)**

17

18       49. Netflix incorporates by reference as though fully set forth herein paragraphs 1

19  through 27, inclusive.

20       50. Netflix alleges that its activities do not directly infringe, do not induce infringement,

21  and do not contributorily infringe any valid claim of the '096 patent as properly construed.

22       51. Netflix also alleges on information and belief that the '096 patent is invalid.  In view

23  of the prior art, and further in view of basic deficiencies in the '096 patent, it fails to satisfy one

24  or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

25  particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

26  

**NINTH CAUSE OF ACTION**
**(For Declaratory Judgment as to the '931)**

27

28       52. Netflix incorporates by reference as though fully set forth herein paragraphs 1

7

368768.04

1   through 27, inclusive.

2       53. Netflix alleges that its activities do not directly infringe, do not induce infringement,

3   and do not contributorily infringe any valid claim of the '931 patent as properly construed.

4       54. Netflix also alleges on information and belief that the '931 patent is invalid.  In view

5   of the prior art, and further in view of basic deficiencies in the '931 patent, it fails to satisfy one

6   or more of the provisions for patentability set forth in Title 35, Part II, United States Code,

7   particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

8                    **VI.    REQUEST FOR RELIEF**

9       WHEREFORE Netflix prays for relief against NCR as follows:

10      1.      For a declaratory judgment that:

11          a.      Netflix does not infringe any valid claim of the '526 patent;

12          b.      The '526 patent is invalid;

13          c.      Netflix does not infringe any valid claim of the '526 patent;

14          d.      The '526 patent is invalid;

15          e.      Netflix does not infringe any valid claim of the '643 patent;

16          f.      The '643 patent is invalid;

17          g.      Netflix does not infringe any valid claim of the '791 patent;

18          h.      The '791 patent is invalid;

19          i.      Netflix does not infringe any valid claim of the '403 patent;

20          j.      The '403 patent is invalid;

21          k.      Netflix does not infringe any valid claim of the '997 patent;

22          l.      The '997 patent is invalid;

23          m.      Netflix does not infringe any valid claim of the '203 patent;

24          n.      The '203 patent is invalid;

25          o.      Netflix does not infringe any valid claim of the '855 patent;

26          p.      The '855 patent is invalid;

27          q.      Netflix does not infringe any valid claim of the '096 patent;

28          r.      The '096 patent is invalid;

8

368768.04

1    s.    Netflix does not infringe any valid claim of the '931 patent;

2    t.    The '931 patent is invalid;

3  2.    For its costs and reasonable attorneys' fees incurred in this action.

4  3.    For such other and further relief as the Court may deem appropriate.

5                          **VII.    JURY DEMAND**

6  Netflix requests a jury trial on all issues so triable.

7

8  Dated:  March 10, 2006                     KEKER & VAN NEST, LLP

9

10

                                            By: _____

11                                          JEFFREY R. CHANIN
                                            Attorneys for Plaintiff
12                                          NETFLIX, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT
CASE NO.

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2       Pursuant to Civil L.R. 3-16 and Federal Rule of Civil Procedure 7.1, the undersigned

3  certifies that the following listed persons, associations of persons, firms, partnerships,

4  corporations (including parent corporations) or other entities (i) have a financial interest in the

5  subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest

6  in that subject matter or in a party that could be substantially affected by the outcome of this

7  proceeding:

8       Technology Crossover Management IV, LLC and Legg Mason Opportunity Trust, LLC

9  each own 10% or more of the stock of Netflix, Inc.

10      In making the foregoing disclosures, the undersigned have *not* disclosed (1) individuals

11 or entities which own less than 10% of the stock of Netflix, Inc. or (2) individuals or entities

12 against whom the patents-at-suit in this litigation have been asserted in separate litigation and

13 who could stand to benefit from a determination by this Court adverse to the patentee.  The

14 undersigned will make such additional disclosures as are ordered by the Court.

15

16 Dated:  March 10, 2006                      KEKER & VAN NEST, LLP

17

18

19                           By: _____
                                   JEFFREY R. CHANIN
20                                 Attorneys for Plaintiff
                                   NETFLIX, INC.

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT
CASE NO.

368768.04

**EXHIBIT  A**

US005951643A

# United States Patent [19]

## Shelton et al.

[11]  Patent Number:          5,951,643

[45]  Date of Patent:          Sep. 14, 1999

[54]  **MECHANISM FOR DEPENDABLY ORGANIZING AND MANAGING INFORMATION FOR WEB SYNCHRONIZATION AND TRACKING AMONG MULTIPLE BROWSERS**

[75]  Inventors: **James A. Shelton**, Holmdel; **Michael I. Ingrassia, Jr.**, Edison; **Thomas M. Rowland**, Fair Haven, all of N.J.

[73]  Assignee: **NCR Corporation**, Dayton, Ohio

[21]  Appl. No.: **08/944,124**

[22]  Filed:       **Oct. 6, 1997**

[51]  Int. Cl.$^6$ ............................. G06F 13/00; G06F 13/14

[52]  U.S. Cl. ............................. 709/227; 709/224; 709/223; 709/248

[58]  Field of Search ................................... 707/104, 500; 395/200.33, 200.57, 200.54, 200.48; 709/227, 224, 223, 248

[56]                        **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,260,878 | 11/1993 | Luppy . | |
| 5,535,256 | 7/1996 | Maloney et al. . | |
| 5,544,649 | 8/1996 | David et al. . | |
| 5,715,453 | 2/1998 | Stewart .............................. | 707/104 |
| 5,727,129 | 3/1998 | Barrett et al. ...................... | 706/10 |
| 5,734,835 | 3/1998 | Selker ................................. | 709/249 |
| 5,737,619 | 4/1998 | Judson ................................ | 707/500 |
| 5,742,768 | 4/1998 | Gennaro et al. .................... | 395/200.33 |
| 5,774,660 | 6/1998 | Brendel et al. ..................... | 395/200.31 |
| 5,774,670 | 6/1998 | Montulli ............................. | 709/227 |
| 5,784,058 | 7/1998 | LaStrange et al. ................. | 345/340 |
| 5,793,972 | 8/1998 | Shane ................................. | 709/219 |
| 5,796,952 | 8/1998 | Davis et al. ........................ | 395/200.54 |
| 5,802,299 | 9/1998 | Logan et al. ....................... | 395/200.48 |
| 5,809,250 | 9/1998 | Kisor ................................. | 709/227 |
| 5,862,330 | 1/1999 | Anupam et al. .................... | 709/204 |
| 5,887,143 | 3/1999 | Saito et al. ......................... | 709/248 |

*Primary Examiner*—Krisna Lim
*Attorney, Agent, or Firm*—Ying Tuo; Kenneth M. Berner

[57]                        **ABSTRACT**

Described is a mechanism for dependably organizing and managing information for web synchronization and tracking among multiple consumer browsers. A session is created for each of one of the consumer browsers when an individual consumer downloads an initial web page from an HTTP server. A unique ID is assigned to that session. After the session has been created for an individual browser, the information about the all activities from that consumer browser will be recorded into the session. Such a mechanism overcomes the difficulty to organize and manage the activities from the multiple consumer browsers that are in stateless nature.

**23 Claims, 22 Drawing Sheets**



**EXHIBIT  B**

US005991791A

# United States Patent [19]

## Siefert

[11] Patent Number: 5,991,791

[45] Date of Patent: Nov. 23, 1999

[54] **SECURITY ASPECTS OF COMPUTER RESOURCE REPOSITORIES**

[75] Inventor: **David M. Siefert**, Englewood, Ohio

[73] Assignee: **NCR Corporation**, Dayton, Ohio

[21] Appl. No.: **08/798,446**

[22] Filed: **Jan. 10, 1997**

### Related U.S. Application Data

[63] Continuation of application No. 08/217,067, Mar. 24, 1994, abandoned.

[51] Int. Cl.[6] .................................................. **G06F 9/00**
[52] U.S. Cl. ................................... **709/100; 707/9**
[58] Field of Search .................................. 709/100, 101, 709/106, 303; 707/9, 103; 705/27

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,787,627 | 1/1974 | Abramson et al. | 179/15 |
| 4,942,540 | 7/1990 | Black et al. | 364/514 |
| 4,992,976 | 2/1991 | Yonekura et al. | 364/900 |
| 5,182,790 | 1/1993 | East et al. | 395/725 |
| 5,187,790 | 2/1993 | East et al. | 395/725 |
| 5,276,901 | 1/1994 | Howell et al. | 395/800 |
| 5,287,537 | 2/1994 | Newmark et al. | 395/800 |
| 5,303,329 | 4/1994 | Khoyi et al. | 395/200 |
| 5,303,379 | 4/1994 | Khoyie et al. | 395/700 |
| 5,321,841 | 6/1994 | East et al. | 395/725 |
| 5,341,477 | 8/1994 | Potkin et al. | 395/DIG. 7 |

#### OTHER PUBLICATIONS

"Profile Name Service" by Larry Peterson, ACM Transactions on Computer Systems, vol. 6, No. 4, Nov. 1988.
"The CSNET Name Server" by Marvin Solomon, University of Wisconsin—Madison 1982.

"Development of theDomain Name Server" by Paul Moskapetors Standford, California Aug. 16–19, 1988.

"Experiences Implementing BIND, A Distributed Name Server for the Darpa Internet" by James B. Bloom 1986, Summer Conference.

*Primary Examiner*—Majid A. Banankhah
*Attorney, Agent, or Firm*—Gregory A. Welte; George H. Gates

[57] **ABSTRACT**

The invention concerns a system for managing resources, which can take the form of (a) computer-compatible information, such as data files and programs, and (b) non-computer-compatible information, such as data contained on microfiche, and (c) physical objects. The resources are located at geographically diverse sites.

The invention contains a descriptive profile for each resource, and allows any user to search all profiles, and to search the profiles according to "fields" (a database term), such as by location of the resources, or by category of the resources. The user can order delivery of a selected resource, and the system causes delivery of the resource to be executed, irrespective of the form (eg, physical object) of the resource.

The invention allows a provider of a new resource to limit access to the resource, by identifying users who are authorized to obtain access to the resource. Non-authorized users cannot obtain access to the profiles of these resources.

**14 Claims, 101 Drawing Sheets**



**EXHIBIT C**

US005699526A

# United States Patent [19]

## Siefert

[11] Patent Number: 5,699,526

[45] Date of Patent: Dec. 16, 1997

[54] ORDERING AND DOWNLOADING RESOURCES FROM COMPUTERIZED REPOSITORIES

[75] Inventor: **David M. Siefert**, Englewood, Ohio

[73] Assignee: **NCR Corporation**, Dayton, Ohio

[21] Appl. No.: 670,294

[22] Filed: **Aug. 21, 1996**

### Related U.S. Application Data

[63] Continuation of Ser. No. 217,062, Mar. 24, 1994, abandoned.

[51] Int. Cl.⁶ .................................................. G06F 17/30
[52] U.S. Cl. ................................... 395/227; 395/610
[58] Field of Search ................................. 395/226, 227, 395/610, 615, 601

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,992,940 | 2/1991 | Dworkin | 395/227 |
| 5,319,542 | 6/1994 | King, Jr. et al. | 364/401 |
| 5,339,239 | 8/1994 | Manabe et al. | 364/401 |

#### FOREIGN PATENT DOCUMENTS

0443038  8/1991  European Pat. Off. .

#### OTHER PUBLICATIONS

Dialog Information Retrieval Service, "Computer Database™" File 275 May 1989 pp. 1–4.
Dialog Information Retrieval Service "Compendex® Plus" File 8 Feb. 1988 pp. 1–4.
Bozman, "Fax Server Delivers Data Around Globe" Computerworld Aug. 23, 1993 p. 84 (0 and 2 on printout).
"Announcing Dialog SourceOne(SM) For Engineering Documents" Dialog Chronolog Jul. 1992 pp. 1–2.

Proc. Object Oriented Programming Systems, Languages and Applications Conf., 4–8 Oct. 1987 Orlando USA, pp. 126–137, Caplinger M. et al. 'An Information System Based on Distributed Objects', pp. 126, left col., line 17—128, right col., line 8.

Computer, vol. 26, No. 9, Sep. 1993 Long Beach, US, pp. 8–22, Obraczka K. et al. 'Internet Resource Discovery Services', p. 9, col. 11–col. 28.

Database Inspec Institute of Electrical Engineers, Stevenage, GB, Inspec No. AN 4560279, abstract & OCLC Systems & Services, vol. 9, No. 3, 1993 USA, pp. 31–36, Smith J. 'Electronic ILL at Colorado State University'.

Primary Examiner—Thomas G. Black
Assistant Examiner—Jack M. Choules
Attorney, Agent, or Firm—Gregory A. Welte; George H. Gates

[57] **ABSTRACT**

The invention concerns a system for managing resources, which can take the form of (a) computer-compatible information, such as data files and programs, and (b) non-computer-compatible information, such as data contained on microfiche, and (c) physical objects. The resources are located at geographically diverse sites. The invention contains a descriptive profile for each resource, and allows any user to search all profiles, and to search the profiles according to "fields" (a database term), such as by location of the resources, or by category of the resources. The user can order delivery of a selected resource, and the system causes delivery of the resource to be executed, irrespective of the form (eg, physical object) of the resource. The invention allows a provider of a new resource to limit access to the resource, by identifying users who are authorized to obtain access to the resource. Non-authorized users cannot obtain access to the profiles of these resources.

8 Claims, 101 Drawing Sheets



**EXHIBIT D**

US006026403A

# United States Patent [19]

## Siefert

[11] Patent Number: 6,026,403

[45] Date of Patent: *Feb. 15, 2000

[54] **COMPUTER SYSTEM FOR MANAGEMENT OF RESOURCES**

[75] Inventor: **David M. Siefert**, Englewood, Ohio

[73] Assignee: **NCR Corporation**, Dayton, Ohio

[ * ] Notice: This patent issued on a continued prosecution application filed under 37 CFR 1.53(d), and is subject to the twenty year patent term provisions of 35 U.S.C. 154(a)(2).

This patent is subject to a terminal disclaimer.

[21] Appl. No.: **08/217,476**

[22] Filed: **Mar. 24, 1994**

[51] Int. Cl.7 ........................................ G06F 17/30
[52] U.S. Cl. .............................................. 707/10; 705/27
[58] Field of Search .................................... 364/200, 300, 364/408; 395/200, 600, 610, 226, 227; 705/27; 707/1, 4, 9, 10

[56]                **References Cited**

### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 4,774,655 | 9/1988 | Kollins et al. ........................ 364/200 |
| 4,774,661 | 9/1988 | Kumpati ................................ 364/300 |
| 4,992,940 | 2/1991 | Dworkin . |
| 5,005,122 | 4/1991 | Griffin et al. ........................ 364/200 |
| 5,168,446 | 12/1992 | Wiseman ............................... 364/408 |
| 5,253,341 | 10/1993 | Rozmanith etal. ..................... 395/200 |
| 5,263,157 | 11/1993 | Janis .................................. 395/600 |
| 5,263,158 | 11/1993 | Janis .................................. 395/600 |
| 5,278,979 | 1/1994 | Demers et al. ........................ 395/600 |
| 5,319,542 | 6/1994 | King, Jr. et al. ..................... 364/401 |
| 5,699,526 | 12/1997 | Siefert ............................... 395/227 |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 0443038 | 8/1991 | European Pat. Off. . |

### OTHER PUBLICATIONS

Computer, vol. 26, No. 9, Sep. 1, 1993, pp. 8–22, XP 000395673, Obraczka K et al 'Internet Resource Discovery Services'*p. 9, line 11–line 28*.

Proceedings of the Object Oriented Programmings System Languages An Applications Conference. (OOPSLA), Orlando, Oct. 4–8, 1987 Special Issue of Sigplan Notices, vol. 22, No. 12, Dec. 1987 Meyrowitz N, pp. 126–137, XP 000299779 Caplinger M 'An Information System on Distributed Objects *p. 126, left column, line 27—p. 128, right column, line 8*.

IBM Technical Disclosure Bulletin, vol. 36, No. 1, Jan .1, 1993, p. 10 XP 000333752 'Programmable Interface for Generic Host Database Programs for an Imaging System'*the whole document* .

Database Inspec Institute of Electrical Engineers, Stevenage, GB, Inspec No. AN4560279, *abstract* & OCLC Systems & Services, vol. 9, No. 3, 1993 USA, pp. 31–36, Smith J. 'Electronic ILL at Colorado State University'.

Berners–Lee, T., Hypertext Transfer Protocal, Jun. 1–25, 1993.

*Primary Examiner*—Majid A. Banankhah
*Attorney, Agent, or Firm*—Gregory A. Welte; George H. Gates

[57]                **ABSTRACT**

The invention concerns a system for managing resources, which can take the form of (a) computer-compatible information, such as data files and programs, and (b) non-computer-compatible information, as data contained on microfiche, and (c) physical objects. The resources are located at graphically diverse sites.

The invention contains a descriptive profile for each resource, and allows any user to search all profiles, and to search the profiles according to "fields" (a database term), such as by location of the resources, or by category of the resources. The user can order delivery of a selected resource, and the system causes delivery of the resource to be executed, irrespective of the form (eg, physical object) of the resource.

The invention allows a provider of a new resource to limit access to the resource, by identifying users who are authorized to obtain access to the resource. Non-authorized users cannot obtain access to the profiles of these resources.

**11 Claims, 101 Drawing Sheets**



**EXHIBIT E**

US006169997B1

(12) **United States Patent**
Papierniak et al.

(10) Patent No.:     **US 6,169,997 B1**
(45) Date of Patent:     **Jan. 2, 2001**

(54) **METHOD AND APPARATUS FOR FORMING SUBJECT (CONTEXT) MAP AND PRESENTING INTERNET DATA ACCORDING TO THE SUBJECT MAP**

(75) Inventors: **Karen A. Papierniak**, St. Paul, MN (US); **James E. Thaisz**, Lincroft, NJ (US); **Luo-Jen Chiang**, Freehold, NJ (US); **Paresh B. Shah**, North Plainfield, NJ (US)

(73) Assignee: **NCR Corporation**, Dayton, OH (US)

( * ) Notice: Under 35 U.S.C. 154(b), the term of this patent shall be extended for 0 days.

(21) Appl. No.: **09/067,804**

(22) Filed: **Apr. 29, 1998**

(51) Int. Cl.[7] .................................... G06F 17/30
(52) U.S. Cl. ........................................... **707/501**
(58) Field of Search ................... 707/1, 2, 3, 501, 707/100

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,544,302 | * 8/1996 | Nguyen | 395/155 |
| 5,649,218 | * 7/1997 | Satio | 395/774 |
| 5,682,540 | * 10/1997 | Klotz, Jr. et al. | 395/144 |
| 5,819,258 | * 10/1998 | Vaithyanthan et al. | 707/2 |
| 5,864,856 | * 1/1999 | Young | 707/100 |
| 5,892,917 | * 4/1999 | Myerson | 395/200.4 |

| | | | |
|---|---|---|---|
| 5,913,208 | * 6/1999 | Brown et al. | 707/3 |
| 5,913,215 | * 6/1999 | Rubinstein et al. | 707/10 |
| 5,963,969 | * 10/1999 | Tidwll | 707/531 |
| 5,968,125 | * 10/1999 | Garrick et al. | 709/224 |

OTHER PUBLICATIONS

Glenn Fleishman Web Log Analysis Who's Doing What, When?, Web Developer vol. 2 No. 2, May 1996.*
Mark R. Brown Special Edition USING Netscape 2 Second Edition QUE, 1995.*

* cited by examiner

*Primary Examiner*—Joseph H. Feild
*Assistant Examiner*—Robert D Bourque
(74) *Attorney, Agent, or Firm*—Ying Tuo

(57)     **ABSTRACT**

Currently, a web site stores Internet data indicating file access status for the files that have been accessed in response to requests from web browsers. Unfortunately, the Internet data are kept as a set of separate and non-correlated data records that are chronologically arranged according to the times at which the requests have been received and processed. Consequently, the Internet data are not arranged meaningful to management and business operation. The present invention correlates web page files (HTML, SHTML, DHTML, or CGI files) with subject areas (such as sports, news, entertainment, restaurant, shopping, computing, business, health, family, travel and weather). In this way, the Internet data are presented in a format meaningful to management and business operation.

**14 Claims, 12 Drawing Sheets**



**EXHIBIT F**

US006253203B1

## (12) United States Patent
O'Flaherty et al.

(10) Patent No.: **US 6,253,203 B1**
(45) Date of Patent: **Jun. 26, 2001**

(54) **PRIVACY-ENHANCED DATABASE**

(75) Inventors: **Kenneth W. O'Flaherty**, San Diego; **Richard G. Stellwagen, Jr.; Todd A. Walter**, both of Poway, all of CA (US); **Reid M. Watts; David A. Ramsey**, both of Lexington, SC (US); **Adriaan W. Veldhuisen**, San Marcos; **Renda K. Ozden**, San Diego, both of CA (US)

(73) Assignee: **NCR Corporation**, Dayton, OH (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/165,784**

(22) Filed: **Oct. 2, 1998**

(51) Int. Cl.[7] ................................................ G06F 17/30

(52) U.S. Cl. ...................... 707/9; 707/2; 707/3; 707/10; 707/102; 713/200

(58) Field of Search ................................ 707/9, 10, 1–4, 707/100–102; 709/217–219; 705/35–38; 713/200–202

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,319,777 | * | 6/1994 | Perez | 707/1 |
| 5,809,483 | * | 9/1998 | Broka et al. | 705/37 |
| 5,855,008 | * | 12/1998 | Goldhaber et al. | 705/14 |
| 6,085,191 | * | 7/2000 | Fisher et al. | 707/9 |
| 6,141,658 | * | 10/2000 | Mehr et al. | 707/7 |
| 6,195,657 | * | 2/2001 | Rucker et al. | 707/5 |

OTHER PUBLICATIONS

President William J. Clinton, Vice President Albert Gore Jr., "A Framework For Global Electronic Commerce," Jul. 1997, at http://www.iitf.nist.gov/eleccomm/ecomm.htm, pp. 1–22.

Markoff, John, "U.S. and Europe Clash Over Internet Consumer Privacy," Jul. 1, 1998 at http://search.nytimes.com/search/daily/b . . . astweb?getdoc+site+site+35855+0+wAAA+P, pp. 1–3.
"OECD Guidelines on the Protection of Privacy and Transborder Flows of Personal Data," Oct. 1, 1997 at http://www.oecd.org/dsti/sti/it/secur/prod/PRIV–EN.HTM, pp. 1–23.

(List continued on next page.)

*Primary Examiner*—Hosain T. Alam
(74) *Attorney, Agent, or Firm*—Gates & Cooper

(57) **ABSTRACT**

A method, apparatus, article of manufacture, and a memory structure for storing and retrieving data in a database implementing privacy control is disclosed. The apparatus comprises a data storage device, storing a database table comprising a plurality of data columns an at least one data control column for storing data control information reflecting consumer privacy parameters, wherein the database table comprises an identity segment for storing identity information and a personal information segment for storing personal information, and a processor, operatively coupled to the data storage device, the processor implementing a dataview suite for presenting data retrieved from the database table in accordance with the data control information. The method comprises the steps of extending a database table comprising a plurality of data columns to include at least one data control column for storing data control information reflecting at least one consumer privacy parameter, string identity information about the consumer in an identity segment of the database table and personal information about the consumer in a personal information segment of the database table, receiving a data request from a requesting entity having data privileges, and providing the data to the requesting entity via a dataview selected in accordance with the requesting entity's data privileges, the dataview masking the data in accordance with the consumer privacy parameter. The program storage device comprises a medium for storing instructions performing the method steps outlined above.

**21 Claims, 12 Drawing Sheets**



**EXHIBIT  G**

US006480855B1

(12) **United States Patent**

Siefert

(10) **Patent No.:** US 6,480,855 B1
(45) **Date of Patent:** Nov. 12, 2002

(54) **MANAGING A RESOURCE ON A NETWORK WHERE EACH RESOURCE HAS AN ASSOCIATED PROFILE WITH AN IMAGE**

(75) Inventor: **David M. Siefert**, Englewood, OH (US)

(73) Assignee: **NCR Corporation**, Dayton, OH (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 09/643,599

(22) Filed: **Aug. 22, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 08/217,063, filed on Mar. 24, 1994.

(51) Int. Cl.[7] ............................................. G06F 17/30
(52) U.S. Cl. ................................ 707/10; 707/9; 705/27
(58) Field of Search ........................ 707/9, 10; 717/11; 709/219, 220, 221, 203; 705/26–27

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,757,037 A | * | 9/1973 | Bialek | 178/18.01 |
| 4,547,851 A | * | 10/1985 | Kurland | 186/38 |
| 5,155,847 A | * | 10/1992 | Kirouac et al. | 709/221 |
| 5,166,886 A | * | 11/1992 | Molnar et al. | 700/234 |
| 5,313,392 A | * | 5/1994 | Temma et al. | 235/385 |
| 5,421,009 A | * | 5/1995 | Platt | 709/221 |
| 5,473,772 A | * | 12/1995 | Halliwell | 717/11 |
| 5,572,572 A | * | 11/1996 | Kawan et al. | 379/90.01 |
| 5,615,342 A | * | 3/1997 | Johnson | 705/24 |
| 5,845,090 A | * | 12/1998 | Collins, III et al. | 709/221 |

OTHER PUBLICATIONS

"Harvest User's Manual" by Darren R. Hardy & Michael F. Schwartz, Version 1.0 Oct. 1994. Last revised on Nov. 3, 1994.

"Essence: A Resource Discovery System Based on Semantic File Indexing" by Darren R. Hardy & Michael F. Schwartz—University of Colorado, Boulder. 1993 Winter USENIX—Jan. 25–29, 1993—San Diego, CA pp. 361–374.
"Harvest Effective Use of Internet Information," The Harvest Information Discovery and Access System. No Date.
"The Harvest Information Discovery and Access System" by C. Mic Bowman, Peter B. Danzig, Darren R. Hardy, Ndi Manber & Michael F. Schwartz. No Month 1994.
Technical Discussion of the Harvest System. No Date.
Harvest Demonstration Brokers Feb. 1996.
Instructions for the Harvest distribution: Version 1.3 No Date.
Frequently Asked Questions (and Answers) about Harvest Version 1.4 patchlevel 2. 13 pages Feb. 1996.

(List continued on next page.)

*Primary Examiner*—Jack Choules
(74) *Attorney, Agent, or Firm*—Greg Welte

(57) **ABSTRACT**

The invention concerns a system for managing resources, which can take the form of (a) computer-compatible information, such as data files and programs, and (b) non-computer-compatible information, such as data contained on microfiche, and (c) physical objects. The resources are located at geographically diverse sites. The invention contains a descriptive profile for each resource, and allows any user to search all profiles, and to search the profiles according to "fields" (a database term), such as by location of the resources, or by category of the resources. The user can order delivery of a selected resource, and the system causes delivery of the resource to be executed, irrespective of the form (e.g., physical object) of the resource. The invention allows a provider of a new resource to limit access to the resource, by identifying users who are authorized to obtain access to the resource. Non-authorized users cannot obtain access to the profiles of these resources.

**3 Claims, 101 Drawing Sheets**

Microfiche Appendix Included
(3 Microfiche, 207 Pages)



**EXHIBIT  H**

US006502096B1

US 6,502,096 B1

(12) **United States Patent**
Siefert

(10) **Patent No.:**       **US 6,502,096 B1**
(45) **Date of Patent:**       **Dec. 31, 2002**

(54) **COMPUTERIZED ASSET MANAGEMENT SYSTEM**

(75) Inventor: **David M. Siefert**, Englewood, OH (US)

(73) Assignee: **NCR Corporation**, Dayton, OH (US)

( * ) Notice:   Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/643,604**

(22) Filed:   **Aug. 22, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 08/217,063, filed on Mar. 24, 1994.

(51) Int. Cl.$^7$ ............................................. **G06F 17/30**
(52) U.S. Cl. ......................... **707/10**; 705/27; 707/104.1
(58) Field of Search ...................... 705/26, 27; 707/10, 707/104.1

(56)          **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,992,940 | A | * | 2/1991 | Dworkin ....................... 705/26 |
| 5,319,542 | A | * | 6/1994 | King, Jr. et al. ............... 705/27 |
| 5,666,493 | A | * | 9/1997 | Wojcik et al. ................ 705/26 |
| 5,694,551 | A | * | 12/1997 | Doyle et al. ................ 705/26 |

OTHER PUBLICATIONS

"Harvest User's Manual" by Darren R. Hardy & Michael F. Schwartz, Version 1.0 Oct. 1994. Last revised on Nov. 3, 1994.
"Essence: A Resource Discovery System Based on Semantic File Indexing" by Darren R. Hardy & Michael F. Schwartz—University of Colorado, Boulder. 1993 Winter USENIX—Jan. 25–29, 1993 San Diego, CA pp. 361–374.

"Harvest Effective Use of Internet Information," The Harvest Information Discovery and Access System. No Date.
"The Harvest Information Discovery and Access System" by C. Mic Bowman, Peter B. Danzig, Darren R. Hardy, Ndi Manber & Michael F. Schwartz 1994. No Month.
Technical Discussion of the Harvest System. No Date.
Harvest Demonstration Brokers. Feb. 1996.
Instructions for the Harvest distribution: Version 1.3. No Date.
Frequently Asked Questions (and Answers) about Harvest Version 1.4 patchlevel 2. 13 pages. Feb. 1996.

(List continued on next page.)

*Primary Examiner*—Jack M. Choules
(74) *Attorney, Agent, or Firm*—Greg Welte

(57)          **ABSTRACT**

The invention concerns a system for managing resources, which can take the form of (a) computer-compatible information, such as data files and programs, and (b) non-computer-compatible information, such as data contained on microfiche, and (c) physical objects. The resources are located at geographically diverse sites.

The invention contains a descriptive profile for each resource, and allows any user to search all profiles, and to search the profiles according to "fields" (a database term), such as by location of the resources, or by category of the resources. The user can order delivery of a selected resource, and the system causes delivery of the resource to be executed, irrespective of the form (eg, physical object) of the resource.

The invention allows a provider of a new resource to limit access to the resource, by identifying users who are authorized to obtain access to the resource. Non-authorized users cannot obtain access to the profiles of these resources.

**9 Claims, 101 Drawing Sheets**



**EXHIBIT I**

US006714931B1

(12) **United States Patent**
Papierniak et al.

(10) Patent No.:     **US 6,714,931 B1**
(45) Date of Patent:         **Mar. 30, 2004**

(54) **METHOD AND APPARATUS FOR FORMING USER SESSIONS AND PRESENTING INTERNET DATA ACCORDING TO THE USER SESSIONS**

(75) Inventors: **Karen A. Papierniak**, St. Paul, MN (US); **James E. Thaisz**, Lincroft, NJ (US); **Luo-Jen Chiang**, Freehold, NJ (US); **Anjali M. Diwekar**, Matawan, NJ (US)

(73) Assignee: **NCR Corporation**, Dayton, OH (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 923 days.

(21) Appl. No.: **09/067,806**

(22) Filed: **Apr. 29, 1998**

(51) Int. Cl.[7] ............................................. G06F 17/30

(52) U.S. Cl. ............................... 707/10; 707/6; 707/9; 715/501.1; 715/513; 713/154; 713/155; 713/201; 709/218; 709/230; 705/27; 705/44

(58) Field of Search ....................... 707/1–10, 100–104, 707/200–206, 500–501, 513–515; 705/14, 17–18, 26–27, 42–44; 709/203, 217–219, 224–230, 305; 713/200–203, 154–155

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 5,812,776 A | * | 9/1998 | Gifford | ............... | 709/217 |
| 5,835,712 A | * | 11/1998 | DuFresne | ................... | 709/203 |
| 5,845,070 A | * | 12/1998 | Ikudome | ..................... | 713/201 |
| 5,884,312 A | * | 3/1999 | Dustan et al. | ................ | 707/10 |
| 5,907,621 A | * | 5/1999 | Bachman et al. | ............. | 380/25 |
| 5,960,429 A | * | 9/1999 | Peercy et al. | ................... | 707/5 |
| 5,987,498 A | * | 11/1999 | Athing et al. | ............. | 709/203 |
| 6,012,088 A | * | 1/2000 | Li et al. | ..................... | 709/219 |
| 6,018,619 A | * | 1/2000 | Allard et al. | ............. | 709/224 |
| 6,035,281 A | * | 3/2000 | Crosskey et al. | ............. | 705/14 |

OTHER PUBLICATIONS

Zaiane, O.R et al., Discovering web access patterns and trends by applying OLAP and data mining technology on web logs, Research and technology advances in Digital Libraries, 1998, ADL 98 proceedings, IEEE, and 19–29, Apr. 1998.*

* cited by examiner

*Primary Examiner*—Srirama Channavajjala
(74) *Attorney, Agent, or Firm*—Ying Tuo; Lowe Hauptman Gilman & Berner, LLP

(57)                        **ABSTRACT**

Conventionally, a web site stores Internet data indicating file access status for the files that have been accessed in response to requests from web browsers. Unfortunately, the Internet data are kept as a set of separate and non-correlated data records that are chronologically arranged according to the times at which the requests have been received and processed. Consequently, the Internet data are not arranged meaningful to management and business operation. The present invention is able to correlate web page files (HTML, SHTML, DHTML, or CGI files) with individual users. The present invention is also able to correlate web page files with user sessions during which users perform their business transactions over the Internet.

**17 Claims, 10 Drawing Sheets**

