1   MAYER, BROWN, ROWE & MAW LLP
    MICHAEL A. MOLANO (SBN 171057)
2   mmolano@mayerbrownrowe.com
    JOSHUA M. MASUR (SBN 203510)
3   jmasur@mayerbrownrowe.com
    Two Palo Alto Square, Suite 300
4   3000 El Camino Real
    Palo Alto, CA  94306-2112
5   Telephone: (650) 331-2000
    Facsimile: (650) 331-2060
6
    Attorneys for Defendant and Counterclaimant
7   NCR CORPORATION

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN FRANCISCO DIVISION**

12

13  NETFLIX, INC., a California Corporation,        Civil Action No. C 06-1892 EDL

14              Plaintiff,                          **DEFENDANT NCR CORPORATION'S
                                                    ANSWER AND COUNTERCLAIMS**
15      v.
                                                    **CERTIFICATION OF INTERESTED
16  NCR CORPORATION, a Maryland                     ENTITIES OR PARTIES**
    Corporation,
17                                                  **DEMAND FOR JURY TRIAL**
                Defendant,
18
    _____
19  NCR CORPORATION, a Maryland
    Corporation,
20
                Counterclaimant,
21
        v.
22
    NETFLIX, INC., a California Corporation,
23

24              Counterdefendant.
    _____
25

26

27

28

    44019638.1

1    Defendant NCR Corporation ("Defendant" or "NCR"), for its answer to the Complaint

2    filed March 10, 2006, (the "Complaint") of Netflix, Inc. ("Plaintiff" or "Netflix"), states as

3    follows:

4                                    **I.  ANSWER**

5                                   **THE PARTIES**

6    1.      On information and belief, NCR admits that Netflix has a principal place of

7    business at 100 Winchester Circle, Los Gatos, California on the informed basis that this address

8    is listed on Netflix's Securities and Exchange Commission Form 10K filed on March 16, 2006.

9    NCR is without knowledge or information sufficient to form a belief as to the truth of the

10   remaining averments contained in this paragraph and on that basis denies same.

11   2.      NCR admits that it is a Maryland corporation with a principal place of business at

12   1700 S. Patterson Blvd., Dayton, Ohio.  NCR also admits that it is the assignee of the patents

13   referred to in the Complaint in paragraphs 12-20, herein referred to collectively as the "NCR

14   Patents."

15   3.      NCR admits that it maintains facilities in El Segundo and San Diego, California.

16   NCR further admits that the NCR website, www.ncr.com/careers/americas.htm, explains that,

17   with regard to the El Segundo facility, "[a]bout 250 associates work here" and that the San Diego

18   facility has "700-plus employees," including engineers and associates.  NCR also admits it

19   employs account managers and sales representatives in San Francisco, California, and that

20   Teradata, a division of NCR, owns DecisionPoint Software, which has offices in San Mateo,

21   California.  NCR further admits the averments in the final sentence of paragraph 3 of the

22   Complaint.  Otherwise, except as specifically admitted herein, NCR denies the remaining

23   averments of paragraph 3 of the Complaint.

24   4.      NCR admits that Teradata, a division of NCR, has a business relationship with

25   GoldenGate Software, Inc., having a place of business at 301 Howard Street, Suite 2100, San

26   Francisco, California; and Hyperion Solutions Corp., having a place of business at 5450 Great

27   America Parkway, Santa Clara, California.  NCR also admits that it has in the past had a business

28   relationship with Intel Corporation and Veritas Software Corporation.  NCR is without

1   knowledge or information sufficient to form a belief as to the truth of the averments concerning

2   the principal places of business or headquarters of these companies contained in paragraph 4 of

3   the Complaint and on this basis denies same.  Otherwise, except as specifically admitted herein,

4   NCR denies the remaining averments of paragraph 4 of the Complaint.

5   **JURISDICTION AND VENUE**

6        5.      NCR admits that the Federal Declaratory Judgment Act is codified at 28 U.S.C.

7   §§2201 and 2202 and that the patent laws of the United States are codified at 35 U.S.C. §1, et

8   seq.  NCR admits that in this action Netflix seeks a declaration that the NCR Patents are not

9   infringed by Netflix, or are invalid, or both.  To the extent that paragraph 5 of the Complaint

10  contains any averments, NCR denies same.

11       6.      NCR admits the averments of paragraph 6 of the Complaint.

12       7.      NCR admits that it sent letters and claim charts designated "For Confidential

13  Licensing/Settlement Discussion Purposes Only" to Netflix within this judicial district relating to

14  the NCR Patents.  NCR also admits that counsel for NCR met with counsel for Netflix within

15  this judicial district to discuss allegations regarding the NCR Patents.  NCR further admits that it

16  conducts business within this judicial district.  The remaining averments of paragraph 7 of the

17  Complaint state legal conclusions to which no response is required and on that basis NCR denies

18  same.

19       8.      NCR admits that venue is proper in this district.

20  **INTRADISTRICT ASSIGNMENT**

21       9.      NCR admits that this patent action is subject to district-wide assignment under

22  Civil L.R. 3-2(c).

23  **GENERAL ALLEGATIONS**

24       10.     On information and belief, NCR admits the averments of Paragraph 10 of the

25  Complaint.

26       11.     NCR admits that it has alleged that certain e-commerce activities of Netflix

27  infringe the NCR Patents and denies the remaining averments of paragraph 11 of the Complaint.

28

1

2      **A.      The NCR Patents**

3              12.     NCR admits that it has alleged that certain e-commerce activities of Netflix

4      infringe the NCR patent described in paragraph 12 of the Complaint.

5              13.     NCR admits that it has alleged that certain e-commerce activities of Netflix

6      infringe the NCR patent described in paragraph 13 of the Complaint.

7              14.     NCR admits that it has alleged that certain e-commerce activities of Netflix

8      infringe the NCR patent described in paragraph 14 of the Complaint.

9              15.     NCR admits that it has alleged that certain e-commerce activities of Netflix

10     infringe the NCR patent described in paragraph 15 of the Complaint.

11             16.     NCR admits that it has alleged that certain e-commerce activities of Netflix

12     infringe the NCR patent described in paragraph 16 of the Complaint.

13             17.     NCR admits that it has alleged that certain e-commerce activities of Netflix

14     infringe the NCR patent described in paragraph 17 of the Complaint.

15             18.     NCR admits that it has alleged that certain e-commerce activities of Netflix

16     infringe the NCR patent described in paragraph 18 of the Complaint.

17             19.     NCR admits that it has alleged that certain e-commerce activities of Netflix

18     infringe the NCR patent described in paragraph 19 of the Complaint.

19             20.     NCR admits that it has alleged that certain e-commerce activities of Netflix

20     infringe the NCR patent described in paragraph 20 of the Complaint.

21             21.     NCR admits the averments of paragraph 21 of the Complaint.

22     **B.      Justiciable Controversy**

23             22.     NCR admits that it has alleged that certain e-commerce activities of Netflix

24     infringe the NCR Patents and that it sent a letter, dated January 7, 2003, from Bruce A. Langos to

25     Reed Hastings, the Chief Executive Officer of Netflix, to such effect designated "For

26     Confidential Licensing/Settlement Discussion Purposes Only" (the "January 2003 Letter").

27     NCR also admits that exemplary claim charts, also designated "For Confidential

28     Licensing/Settlement Discussion Purposes Only," accompanied the January 2003 Letter.  The

1  text and illustrations set forth in the January 2003 Letter and its accompanying claim charts

2  speak for themselves.  NCR further admits that, by the January 2003 Letter, it invited Netflix to

3  enter into negotiations for a license to the NCR Patents.  Otherwise, except as specifically

4  admitted herein or as set forth in the January 2003 Letter and its accompanying claim charts,

5  NCR denies the remaining averments of paragraph 22 of the Complaint.

6       23.    NCR admits that, on or about August 1, 2005, it sent another letter, also

7  designated "For Confidential Licensing/Settlement Discussion Purposes Only," from Bruce A.

8  Langos to Reed Hastings (the "August 2005 Letter").  NCR also admits that updated exemplary

9  claim charts, also designated "For Confidential Licensing/Settlement Discussion Purposes

10  Only," accompanied the August 2005 Letter.  The text and illustrations set forth in the August

11  2005 Letter and its accompanying claim charts speak for themselves.  Otherwise, except as

12  specifically admitted herein or as set forth in the August 2005 Letter and its accompanying claim

13  charts, NCR denies the remaining averments of paragraph 23 of the Complaint.

14       24.    NCR admits the averments of the second, third, and fourth sentences of paragraph

15  24 of the Complaint.  NCR also admits that, subsequent to the sending of the August 2005 Letter,

16  NCR has maintained its position that Netflix infringes NCR e-commerce patents.  NCR further

17  admits that on January 10, 2006, counsel for NCR sent an e-mail to counsel for Netflix attaching

18  revised exemplary claim charts, designated "For Confidential Licensing/Settlement Discussion

19  Purposes Only," showing illustrative bases of infringement by Netflix of the NCR Patents.

20  Otherwise, except as specifically admitted herein or as set forth in the claim charts attached to

21  the January 10, 2006 e-mail, NCR denies the remaining averments of paragraph 24 of the

22  Complaint.

23       25.    NCR admits the averments in the first sentence of paragraph 25 of the Complaint.

24  NCR is without knowledge or information sufficient to form a belief as to the truth of the

25  averments of the second sentence of paragraph 25 of the Complaint and on that basis denies

26  same.  Otherwise, except as specifically admitted herein, NCR denies the remaining averments

27  of paragraph 25 of the Complaint.

28

26.     NCR admits that in this action Netflix denies that it infringes any valid claim of the NCR Patents.  To the extent that paragraph 26 of the Complaint contains any averments, NCR denies same.

27.     NCR admits the averments of the first sentence of paragraph 26 of the Complaint. NCR also admits that in this action Netflix seeks a declaratory judgment that it does not infringe any claim of the NCR Patents and that each of the NCR Patents is invalid.  To the extent that the final sentence of paragraph 27 of the Complaint contains any averments, NCR denies same.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
(For Declaratory Judgment as to the '526 Patent)

28.     NCR responds to the averments incorporated by reference in paragraph 28 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-27 above as if set forth herein in full.

29.     NCR denies the averments of paragraph 29 of the Complaint.

30.     NCR denies the averments of paragraph 30 of the Complaint.

### SECOND CLAIM FOR RELIEF
(For Declaratory Judgment as to the '643 Patent)

31.     NCR responds to the averments incorporated by reference in paragraph 31 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-30 above as if set forth herein in full.

32.     NCR denies the averments of paragraph 32 of the Complaint.

33.     NCR denies the averments of paragraph 33 of the Complaint.

### THIRD CLAIM FOR RELIEF
(For Declaratory Judgment as to the '791 Patent)

34.     NCR responds to the averments incorporated by reference in paragraph 34 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-33 above as if set forth herein in full.

1    35.    NCR denies the averments of paragraph 35 of the Complaint.

2    36.    NCR denies the averments of paragraph 36 of the Complaint.

3                        **FOURTH CLAIM FOR RELIEF**
                    (For Declaratory Judgment as to the '403 Patent)
4

5    37.    NCR responds to the averments incorporated by reference in paragraph 37 of the

6    Complaint by hereby incorporating its responses as set forth above in paragraphs 1-36 above as

7    if set forth herein in full.

8    38.    NCR denies the averments of paragraph 38 of the Complaint.

9    39.    NCR denies the averments of paragraph 39 of the Complaint.

10                        **FIFTH CLAIM FOR RELIEF**
                    (For Declaratory Judgment as to the '997 Patent)
11

12   40.    NCR responds to the averments incorporated by reference in paragraph 40 of the

13   Complaint by hereby incorporating its responses as set forth above in paragraphs 1-39 above as

14   if set forth herein in full.

15   41.    NCR denies the averments of paragraph 41 of the Complaint.

16   42.    NCR denies the averments of paragraph 42 of the Complaint.

17                        **SIXTH CLAIM FOR RELIEF**
                    (For Declaratory Judgment as to the '203 Patent)
18

19   43.    NCR responds to the averments incorporated by reference in paragraph 43 of the

20   Complaint by hereby incorporating its responses as set forth above in paragraphs 1-42 above as

21   if set forth herein in full.

22   44.    NCR denies the averments of paragraph 44 of the Complaint.

23   45.    NCR denies the averments of paragraph 45 of the Complaint.

24                        **SEVENTH CLAIM FOR RELIEF**
                    (For Declaratory Judgment as to the '855 Patent)
25

26   46.    NCR responds to the averments incorporated by reference in paragraph 46 of the

27   Complaint by hereby incorporating its responses as set forth above in paragraphs 1-45 above as

28   if set forth herein in full.

47. NCR denies the averments of paragraph 47 of the Complaint.

48. NCR denies the averments of paragraph 48 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
(For Declaratory Judgment as to the '096 Patent)

49. NCR responds to the averments incorporated by reference in paragraph 49 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-48 above as if set forth herein in full.

50. NCR denies the averments of paragraph 50 of the Complaint.

51. NCR denies the averments of paragraph 51 of the Complaint.

**NINTH CLAIM FOR RELIEF**
(For Declaratory Judgment as to the '931 Patent)

52. NCR responds to the averments incorporated by reference in paragraph 52 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-51 above as if set forth herein in full.

53. NCR denies the averments of paragraph 53 of the Complaint.

54. NCR denies the averments of paragraph 54 of the Complaint.

**PRAYER FOR RELIEF**

55. The Prayer for Relief set forth in the Complaint following paragraph 54 does not contain any averments that NCR is required to either admit or deny pursuant to the Federal Rules of Civil Procedure. Alternatively, to the extent there are any averments contained in Plaintiffs' Prayer for Relief, NCR hereby denies same.

56. Except as specifically admitted above, all averments contained in the Complaint are hereby denied.

57. NCR reserves the right to assert additional defenses or affirmative defenses as the bases for such defenses are learned through discovery.

1

## II.  COUNTERCLAIMS

2

Defendant and Counterclaimant, NCR, for its counterclaims against Plaintiff and

3

Counterdefendant, Netflix, states as follows:

4

### STATEMENT OF FACTS

5

58.     The averments admitted by NCR above as part of NCR's Answer to Plaintiff's

6

Complaint in paragraphs 1-57 above are incorporated herein by reference as if set forth in full.

7

### Nature Of Action

8

59.     This action generally arises out of Netflix's patent infringement pursuant to the

9

United States Patent Act, 35 U.S.C. §§ 1, et seq.

10

### Parties

11

60.     The parties to this action are set forth above in the Answer, paragraphs 1 and 2,

12

incorporated herein by reference as if set forth in full.

13

### Jurisdiction

14

61.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

15

§§ 1338(a) and 1331.  This Court has original jurisdiction over this matter as it presents a federal

16

question arising under the patent laws of the United States Patent Act, 35 U.S.C. § 271.

17

### Venue

18

62.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

19

Upon information and belief, Netflix resides in this judicial district and conducts business on a

20

regular basis in this judicial district.  Further, Netflix has directly or indirectly infringed NCR's

21

Patents in this district.

22

### Factual Background

23

63.     Counterclaimant NCR is the owner by assignment of the following patents

24

(referred to collectively below as the "NCR Patents"):

25

a.     U.S. Patent No. 5,699,526 (the "'526 Patent"), issued on December 16,

26

1997, entitled "Ordering and Downloading Resources from Computerized Repositories";

27

28

1     b.  U.S. Patent No. 5,951,643 (the "'643" Patent), issued on September 14,

2 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web

3 Synchronization and Tracking Among Multiple Browsers";

4     c.  U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on November 23,

5 1999, entitled "Security Aspects of Computer Resource Repositories";

6     d.  U.S. Patent No. 6,026,403 (the "'403 Patent"), issued on February 15,

7 2000, entitled "Computer System for Management of Resources";

8     e.  U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001,

9 entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet

10 Data According to the Subject Map";

11     f.  U.S. Patent No. 6,253,203 (the "'203 Patent", issued on June 26, 2001,

12 entitled "Privacy-Enhanced Database";

13     g.  U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12,

14 2002, entitled "Managing a Resource on a Network where each Resource Has an Associated

15 Profile with an Image";

16     h.  U.S. Patent No. 6,502,096 (the "'096 Patent") issued on December 31,

17 2002, entitled "Computerized Asset Management System"; and

18     i.  U.S. Patent No. 6,714,931 (the "'931 Patent"), issued on March 30, 2004,

19 entitled "Method and Apparatus for Forming User Sessions and Presenting Internet Data

20 According to the User Sessions."

21   64.  Netflix owns and operates a website at the Internet address www.netflix.com (the

22 "Website").

23   65.  Netflix, by its design, manufacture or construction of the Website and/or the

24 supporting systems, and/or by its use and operation of the Website, and/or by performing certain

25 methods in connection with the operation of the Website, has infringed and continues to infringe

26 one or more claims of each of the NCR Patents.  The Website, including the system or systems,

27 including hardware, data, firmware, and software, that constitute the Website or make the

28 operation of the Website possible, are referred to herein as the "Accused System."

1

## FIRST COUNTERCLAIM FOR RELIEF
(Infringement of the '526 Patent)

2

3       66.     Counterclaimant NCR incorporates by reference the factual allegations set forth in

4   paragraphs 1-65 above as if set forth herein in full.

5       67.     Counterclaimant NCR states that, to the best of its knowledge, information, and

6   belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

7   prove after a reasonable opportunity for further investigation or discovery that:

8               (a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

9                       Netflix has infringed and is infringing the '526 Patent by making, using, selling,

10                      or offering to sell the Accused System protected by one or more claims of the

11                      '526 Patent, and/or has induced or contributed to infringement of the '526 Patent;

12              (b)     Counterdefendant Netflix's infringement of NCR's '526 Patent as set forth

13                      herein has been and is deliberate and wilful, making this an exceptional case

14                      within the meaning of 35 U.S.C. § 285; and

15              (c)     The infringement by Netflix of NCR's '526 Patent has caused and will

16                      continue to cause NCR monetary damage and irreparable harm for which it has no

17                      adequate remedy at law.

18

## SECOND COUNTERCLAIM FOR RELIEF
(Infringement of the '643 Patent)

19

20      68.     Counterclaimant NCR incorporates by reference the factual allegations set forth in

21   paragraphs 1-67 above as if set forth herein in full.

22      69.     Counterclaimant NCR states that, to the best of its knowledge, information, and

23   belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

24   prove after a reasonable opportunity for further investigation or discovery that:

25              (a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

26                      Netflix has infringed and is infringing the '643 Patent by making, using, selling,

27                      or offering to sell the Accused System protected by one or more claims of the

28                      '643 Patent, and/or has induced or contributed to infringement of the '643 Patent;

1    (b)    Counterdefendant Netflix's infringement of NCR's '643 Patent as set forth

2    herein has been and is deliberate and wilful, making this an exceptional case

3    within the meaning of 35 U.S.C. § 285; and

4    (c)    The infringement by Netflix of NCR's '643 Patent has caused and will

5    continue to cause NCR monetary damage and irreparable harm for which it has no

6    adequate remedy at law.

7    **THIRD COUNTERCLAIM FOR RELIEF**

8    (Infringement of the '791 Patent)

9    70.    Counterclaimant NCR incorporates by reference the factual allegations set forth in

10   paragraphs 1-69 above as if set forth herein in full.

11   71.    Counterclaimant NCR states that, to the best of its knowledge, information, and

12   belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

13   prove after a reasonable opportunity for further investigation or discovery that:

14   (a)    In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

15   Netflix has infringed and is infringing the '791 Patent by making, using, selling,

16   or offering to sell the Accused System protected by one or more claims of the

17   '791 Patent, and/or has induced or contributed to infringement of the '791 Patent;

18   (b)    Counterdefendant Netflix's infringement of NCR's '791 Patent as set forth

19   herein has been and is deliberate and wilful, making this an exceptional case

20   within the meaning of 35 U.S.C. § 285; and

21   (c)    The infringement by Netflix of NCR's '791 Patent has caused and will

22   continue to cause NCR monetary damage and irreparable harm for which it has no

23   adequate remedy at law.

24   **FOURTH COUNTERCLAIM FOR RELIEF**

25   (Infringement of the '403 Patent)

26   72.    Counterclaimant NCR incorporates by reference the factual allegations set forth in

27   paragraphs 1-71 above as if set forth herein in full.

28

1    73.    Counterclaimant NCR states that, to the best of its knowledge, information, and

2  belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

3  prove after a reasonable opportunity for further investigation or discovery that:

4         (a)    In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

5         Netflix has infringed and is infringing the '403 Patent by making, using, selling,

6         or offering to sell the Accused System protected by one or more claims of the

7         '403 Patent, and/or has induced or contributed to infringement of the '403 Patent;

8         (b)    Counterdefendant Netflix's infringement of NCR's '403 Patent as set forth

9         herein has been and is deliberate and wilful, making this an exceptional case

10        within the meaning of 35 U.S.C. § 285; and

11        (c)    The infringement by Netflix of NCR's '403 Patent has caused and will

12        continue to cause NCR monetary damage and irreparable harm for which it has no

13        adequate remedy at law.

14                    **FIFTH COUNTERCLAIM FOR RELIEF**
                       (Infringement of the '997 Patent)
15

16    74.    Counterclaimant NCR incorporates by reference the factual allegations set forth in

17  paragraphs 1-73 above as if set forth herein in full.

18    75.    Counterclaimant NCR states that, to the best of its knowledge, information, and

19  belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

20  prove after a reasonable opportunity for further investigation or discovery that:

21        (a)    In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

22        Netflix has infringed and is infringing the '997 Patent by making, using, selling,

23        or offering to sell the Accused System protected by one or more claims of the

24        '997 Patent, and/or has induced or contributed to infringement of the '997 Patent;

25        (b)    Counterdefendant Netflix's infringement of NCR's '997 Patent as set forth

26        herein has been and is deliberate and wilful, making this an exceptional case

27        within the meaning of 35 U.S.C. § 285; and

28

1        (c)     The infringement by Netflix of NCR's '997 Patent has caused and will

2        continue to cause NCR monetary damage and irreparable harm for which it has no

3        adequate remedy at law.

4        **SIXTH COUNTERCLAIM FOR RELIEF**
(Infringement of the '203 Patent)

5

6        76.     Counterclaimant NCR incorporates by reference the factual allegations set forth in

7  paragraphs 1-75 above as if set forth herein in full.

8        77.     Counterclaimant NCR states that, to the best of its knowledge, information, and

9  belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

10  prove after a reasonable opportunity for further investigation or discovery that:

11        (a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

12        Netflix has infringed and is infringing the '203 Patent by making, using, selling,

13        or offering to sell the Accused System protected by one or more claims of the

14        '203 Patent, and/or has induced or contributed to infringement of the '203 Patent;

15        (b)     Counterdefendant Netflix's infringement of NCR's '203 Patent as set forth

16        herein has been and is deliberate and wilful, making this an exceptional case

17        within the meaning of 35 U.S.C. § 285; and

18        (c)     The infringement by Netflix of NCR's '203 Patent has caused and will

19        continue to cause NCR monetary damage and irreparable harm for which it has no

20        adequate remedy at law.

21        **SEVENTH COUNTERCLAIM FOR RELIEF**
(Infringement of the '855 Patent)

22

23        78.     Counterclaimant NCR incorporates by reference the factual allegations set forth in

24  paragraphs 1-77 above as if set forth herein in full.

25        79.     Counterclaimant NCR states that, to the best of its knowledge, information, and

26  belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

27  prove after a reasonable opportunity for further investigation or discovery that:

28

1        (a)      In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

2        Netflix has infringed and is infringing the '855 Patent by making, using, selling,

3        or offering to sell the Accused System protected by one or more claims of the

4        '855 Patent, and/or has induced or contributed to infringement of the '855 Patent;

5        (b)      Counterdefendant Netflix's infringement of NCR's '855 Patent as set forth

6        herein has been and is deliberate and wilful, making this an exceptional case

7        within the meaning of 35 U.S.C. § 285; and

8        (c)      The infringement by Netflix of NCR's '855 Patent has caused and will

9        continue to cause NCR monetary damage and irreparable harm for which it has no

10        adequate remedy at law.

## EIGHTH COUNTERCLAIM FOR RELIEF
### (Infringement of the '096 Patent)

80.    Counterclaimant NCR incorporates by reference the factual allegations set forth in paragraphs 1-79 above as if set forth herein in full.

81.    Counterclaimant NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

        (a)      In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant Netflix has infringed and is infringing the '096 Patent by making, using, selling, or offering to sell the Accused System protected by one or more claims of the '096 Patent, and/or has induced or contributed to infringement of the '096 Patent;

        (b)      Counterdefendant Netflix's infringement of NCR's '096 Patent as set forth herein has been and is deliberate and wilful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

        (c)      The infringement by Netflix of NCR's '096 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

1

2

### NINTH COUNTERCLAIM FOR RELIEF
(Infringement of the '931 Patent)

3     82.     Counterclaimant NCR incorporates by reference the factual allegations set forth in

4   paragraphs 1-81 above as if set forth herein in full.

5     83.     Counterclaimant NCR states that, to the best of its knowledge, information, and

6   belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully

7   prove after a reasonable opportunity for further investigation or discovery that:

8               (a)     In violation of 35 U.S.C. § 271(a), (b) and/or (c), Counterdefendant

9                       Netflix has infringed and is infringing the '931 Patent by making, using, selling,

10                      or offering to sell the Accused System protected by one or more claims of the

11                      '931 Patent, and/or has induced or contributed to infringement of the '931 Patent;

12              (b)     Counterdefendant Netflix's infringement of NCR's '931 Patent as set forth

13                      herein has been and is deliberate and wilful, making this an exceptional case

14                      within the meaning of 35 U.S.C. § 285; and

15              (c)     The infringement by Netflix of NCR's '931 Patent has caused and will

16                      continue to cause NCR monetary damage and irreparable harm for which it has no

17                      adequate remedy at law.

18                              **PRAYER FOR RELIEF**

19   WHEREFORE, NCR requests judgment:

20   (a)     That each of the NCR Patents, and claim thereof, are valid and enforceable;

21   (b)     That Netflix has infringed one or more claims of each of the NCR Patents and that

22   its infringement has been willful;

23   (c)     That NCR has been irreparably harmed by the infringing activities of Netflix;

24   (d)     That Netflix, its officers, agents, servants, employees and those persons in active

25   concert or participation with any of them, as well as all successors or assignees of the interests or

26   assets related to the Accused Systems, be permanently enjoined from further infringement of the

27   NCR Patents;

28

1    (e)    That an accounting be had for the damages caused to NCR by the infringing

2  activities of Netflix;

3    (f)    That NCR be awarded damages adequate to compensate for Netflix's

4  infringement, which shall include lost profits but in no event shall be less than a reasonable

5  royalty for the use made of the inventions of the NCR Patents by Netflix, including pre- and

6  post-judgment interest, and costs, including expenses;

7    (g)    That, once actual damages are assessed, damages so ascertained be trebled in

8  view of the willful and deliberate nature of the infringement and be awarded to NCR, with

9  interest;

10    (h)    That this be declared an exceptional case and that NCR be awarded its attorneys'

11  fees; and

12    (i)    That NCR be awarded such further necessary or proper relief as this Court may

13  deem just.

14

15  Dated:  April 5, 2006                          MAYER, BROWN, ROWE & MAW LLP

16

17                                          By: /s/_____
                                               Michael A. Molano
18                                             Attorneys for Defendant
                                               and Counterclaimant
19                                             NCR CORPORATION

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATION OF INTERESTED ENTITIES OR PARTIES</u>

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.  The undersigned also states that NCR Corporation owns a majority interest in the following subsidiaries, the shares of which are publicly-traded in the subsidiary's home country:

| | |
|---|---|
| NCR Corporation (Philippines): | 91% of shares owned by NCR Corporation; |
| NCR (Thailand) Limited: | 90% of shares owned by NCR Corporation; and |
| NCR (Nigeria) PLC: | 60% of shares owned by NCR Corporation. |

Dated:  April 5, 2005                                        MAYER, BROWN, ROWE & MAW LLP


By: _/s/_____
       Michael A. Molano
       Attorneys for Defendant
       and Counterclaimant
       NCR CORPORATION

1

## JURY DEMAND

2      Under Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and

3 Counterclaimant NCR hereby demands trial by jury on all issues triable to a jury.

4

5 Dated:  April 5, 2006          MAYER, BROWN, ROWE & MAW LLP

6

7                        By: */s/*

8                        Michael A. Molano
Attorneys for Defendant

9                        and Counterclaimant
NCR CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28